### In re Estate of Wilhelm Hels, Deceased.
### Louisa Vocht, Sometimes Known as Louisa Voght, Appellant, v. Frank Rechenmacher et al., Appellees.

### Gen. No. 37,713.

Opinion filed December 24, 1934.

WILLIAM A. ROGAN, of Chicago, for appellant; WILLIAM C. BURNS and JAMES A. CARLSON, both of Chicago, of counsel.

MAX MURDOCK, of Chicago, for appellees.

MR. PRESIDING JUSTICE O'CONNOR delivered the opinion of the court.

It seems to be conceded that Anna Hels and Wilhelm Hels, husband and wife, died September 2nd or 3rd, 1922. More than 12 years thereafter, July 21, 1933, the probate court of Cook county entered an order finding that Anna Hels and Wilhelm Hels, husband and wife, died simultaneously September 2nd or 3rd, 1922; that Anna Hels was not an heir of Wilhelm Hels, her husband; that Wilhelm Hels left him surviving no wife or children or no adopted child or children; that he left him surviving as his only heirs at law and next of kin 4 sisters, 3 brothers and 3 nieces, and that Anna Hels, the deceased wife, left her surviving 2 brothers, 3 sisters, 5 nephews and 5 nieces; that upon appeal to the circuit court of Cook county there was a hearing before the court without a jury and an order was entered finding the heirs to be the same as those found by the probate court.

Louisa Vocht who was found to be a sister of Wilhelm Hels, deceased, prosecutes this appeal. She sought to have it adjudicated that Anna Hels died before her husband, Wilhelm Hels, so that Wilhelm would be the heir of his deceased wife, and there being no heirs except those found by the court, she would probably receive an inheritance from the estate of Anna Hels, deceased.

The case went to trial in the circuit court May 3, 1934, more than 12 years after the death of Wilhelm and Anna Hels, and the evidence as to when they died or what caused their death is most meager, uncertain

and unsatisfactory. But the trial seems to have been on the theory that the parties came to their death by being asphyxiated in their home on or about September 2, 1922. The bodies of the two were discovered apparently in the basement of their home at that time.

Elmer J. Decker, the undertaker who embalmed the bodies, called by Louisa Vocht (who will be referred to as plaintiff), testified that since February, 1933, he was employed as a salesman for the Dodge Chemical Company; that prior to that time he had been an embalmer since 1909; that he received his training at the Chicago Graduate College of Embalming; that shortly before noon on September 3, 1922, he and his assistant were called by an undertaker to embalm the bodies of Wilhelm and Anna Hels; that the weather was warm; that he went to the deceaseds' residence with his assistant and went to the basement of the small house in which the parties had lived, and there saw the two bodies. They were both lying on their backs on the basement floor; that there was no odor of gas; that the bodies had been moved; that they took the bodies for the purpose of having the coroner's physician make an examination; that Anna's body was badly discolored and decomposition was progressing; "she had already developed skin slip and tissue gas"; that the body of Wilhelm was discolored but not so much as Anna's body; that there was "no tissue gas or skin slip"; that he had embalmed approximately 2,500 or 3,000 bodies, of which quite a number died by carbon monoxide gas; that in his opinion where skin slip was prevalent on the body the person had been dead longer than where this did not appear; that he was of opinion that Anna Hels died first; that in his opinion she died 4 or 5 hours before her husband died. On cross-examination he testified that he took a six months' course at the Chicago College of Embalming before his graduation; that he did not study toxicology

or make any study of the decomposition of bodies; that in his course he studied bacteriology, chemical and sanitary sciences, and disinfection; that he had no way of knowing how long it would take "tissue gas or skin slip to develop"; that he was present "when Dr. Goltra posted this body."

Edward Trunk, called by plaintiff, testified that he was a police officer; that he was called to the residence of Wilhelm and Anna Hels September 3, 1922, and found two bodies lying in the basement of the home; that he did not examine the bodies other than to find that the persons were both dead; that he found that Anna's body was cold and stiff; that Wilhelm's body was still warm and limber; that Sergeant Berger "and a nephew of the deceased" were with him and that he found the bodies about 9 or 10 o'clock on the morning of September 3; that there was no odor of gas when he went to the basement of the building; the windows were not open; that he did not determine where the gas came from; that there was a live dog in an unconscious condition on the floor; that the dog died a few days later.

Dr. William D. McNally, called by the other side, testified that he was a toxicologist, chemist, physician, Associate Professor of Medicine at the Rush Medical College doing experimental work in pathology and research in toxicology; that he was licensed to practice medicine in Illinois in 1920; that he had made a special study for 21 years of carbon monoxide poison—gas; had written articles on it for medical journals and textbooks; that he was a chemist from 1913 to 1929, and Chief Coroner's Physician from 1925 to 1929; that he had examined many hundreds of bodies of persons who were asphyxiated by carbon monoxide. He then described the bodies of persons who died of carbon monoxide gas; that the body will have a pink discoloration; that he had never seen the body of a

person who died from carbon monoxide having "skin slip" for the reason that carbon monoxide is a poison and acts as a bactericide causing preservation of the body. He then answered a hypothetical question purporting to cover the condition of the two bodies in question and said that in his opinion neither of the bodies should have "gas tissue"; that persons who die from carbon monoxide gas take 24 hours and possibly 36 before there would be any appreciable change in the bodies.

This is substantially all the evidence in the record. In Illinois the common law rule prevails that where two persons perish in a common disaster, there is no presumption of survival. *Wall v. Pfanschmidt,* 265 Ill. 180. In that case the court said (p. 182): "The law is that when two or more persons perish in a common disaster there is no presumption, under the common law, of survivorship; that if survivorship is claimed it must be proved." After a consideration of all the evidence in the record, keeping in mind the rule of law in this State, we are of opinion that the evidence is far too nebulous to warrant us in overruling the finding of the trial judge that Wilhelm and Anna died simultaneously.

The judgment of the circuit court of Cook county is affirmed.

*Judgment affirmed.*

McSurely and Matchett, JJ., concur.